David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Sharon Pfifer*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SHARON PFIFER,

Plaintiff,

v.

PLUSFOUR, INC,

Defendant.

Civil Action No.: ______

**COMPLAINT**

For this Complaint, Plaintiff Sharon Pfifer, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

harassment of Plaintiff by Defendant in its illegal efforts to collect a consumer debt. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. This action also arises out of Defendant's vilations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

**PARTIES**

5. Plaintiff Sharon Pfifer ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Plusfour, Inc ("Plusfour") is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Plusfour is also a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. THE DEBT

8. Plaintiff allegedly incurred a financial obligation ("Debt") to Clinical Infections Diseases ("Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Plusfour for collection, or Plusfour was employed by the Creditor to collect the Debt.

11. Plusfour attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. PLUSFOUR'S FDCPA VIOLATIONS

## FACTS

12. While Plaintiff did incur the Debt to Creditor, Plaintiff's insurance provider, Aetna, took full responsibility for the Debt, and Aetna (as early as March 2020) confirmed Plaintiff had no financial obligation with the Creditor.

13. Specifically, when Plaintiff learned of the Debt, Plaintiff sought to resolve this directly with Creditor and had her request(s) denied.

14. Plaintiff then sought to resolve this through her insurance provider,

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

Aetna, and Aetna confirmed the Debt was indeed not owed by Plaintiff and that the Creditor engaged in "Fraud, Waste, [or] Abuse" as seen below in Aetna's correspondence dated March 18, 2020:

> The reason for denials shows our Fraud, Waste, and Abuse unit requested information from the provider to consider the claims as the provider is flagged in our system as a Fraud, Waste, and Abuse provider. Our claims department also have confirmed some of the services billed may not be covered under the medical plan but may be covered under Part D. Regardless of the reason for denial, all claims have denied with $0 member responsibility and there for by law the provider is prohibited to bill you for this denied claims. The provider is a participating provider and by contract he cannot balance bill any of our members.

15. However, Creditor persisted in the collection of this Debt, and transferred sold, and/or assigned the Debt (which Plaintiff did not owe) to Plusfour for collections.

16. PlusFour then sought collection of the Debt and misrepresented the status, character, and/or amount of the Debt owed in violation of the FDCPA.

17. In an Experian credit report dated August 4, 2020, Plusfour inaccurately reported Plaintiff owed $7,408 on the Debt (as seen below) when, in fact, Plaintiff owed $0:



PLUSFOUR Partial Acct # [redacted] 6345 S PECOS RD STE 212 LAS VEGAS NV 89120 (702) 826 2000

**Date opened** Jan 2020
**Address ID #** 0215107586
**Original creditor** CLINICAL INFECTIOUS DISEASES
**Type** Collection
**Responsibility** Individual

**First reported** May 2020
**Terms** 1 Months
**Monthly payment** Not reported
**Credit limit or original amount** $7,285
**High balance** Not reported

**Recent balance** $7,408 as of Jul 2020
**Status** Collection account. $7,408 past due as of Jul 2020. This account is scheduled to continue on record until Jan 2026.
**Date of Status** Jan 2020

Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | | | | | C | C | C | | | | | |

Account History * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Jun20 | May20 |
|---|---|---|
| AB ($) | 7,362 | 7,324 |
| DPR | ND | ND |
| SPA ($) | ND | ND |
| AAP ($) | ND | ND |

The original amount of this account was $7,285

18. In a subsequent Experian reinvestigation (described in more detail

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

below), Plusfour again reported Plaintiff had a significant past due balance on the Debt, this time $7,475:

**Date opened** Jan 2020
**Address ID #** 0215107586
**Original creditor** CLINICAL INFECTIOUS DISEASES
**Type** Collection
**Responsibility** Individual

**First reported** May 2020
**Terms** 1 Months
**Monthly payment** Not reported
**Credit limit or original amount** $7,285
**High balance** Not reported

**Recent balance** $7,475 as of Sep 2020
**Status** Collection account. $7,475 past due as of Sep 2020. This account is scheduled to continue on record until Jan 2026.
**Date of Status** Jan 2020

Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2020** | | | | | | | | | | | | |

Account History * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Aug20 | Jul20 | Jun20 | May20 |
|---|---|---|---|---|
| AB ($) | 7,438 | 7,408 | 7,362 | 7,324 |
| DPR | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND |

The original amount of this account was $7,285

19. Additionally, in a TransUnion credit report dated August 6, 2020, Plusfour again reported Plaintiff had a $7,408 past due balance on the Debt and the account was in collections, as seen below:



**PLUS FOUR INC #** [redacted] ** (PO BOX 95846, LAS VEGAS, NV 89193-5846, (702) 898-1033)

**Placed for collection:** 01/30/2020
**Responsibility:** Individual Account
**Account Type:** Open Account
**Loan Type:** COLLECTION AGENCY/ATTORNEY
**Balance:** $7,408
**Date Updated:** 07/06/2020
**Original Amount:** $7,285
**Original Creditor:** MEDICAL-CLINICAL INFECTIOUS DISEASES (Medical/Health Care)
**Past Due:** ›$7,408‹
**Pay Status:** ›In Collection‹

**To dispute online go to: http://transunion.com/disputeonline**

P CKHZM-002 02485-I033331 03/16

**Page:** 2 of 9

**Consumer Credit Report for** SHARON LEE PFIFER
**File Number:** 413595556 **Date Issued:** 08/06/2020

**Remarks:** ›PLACED FOR COLLECTION‹
**Estimated month and year that this item will be removed:** 03/2026

20. Since Plaintiff did not owe the Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

## C. PLUSFOUR'S FCRA VIOLATIONS

21. Upon information and belief, Plusfour adopted the Metro 2 Format reporting standards, and at all times relevant implemented the Metro 2 Format as

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

an integral aspect of its duties under FCRA, which requires adequate and reasonable policies and procedures be in place to handle investigations of disputed information.

22. Additionally, Plusfour's inaccurate reporting did not comply with industry standard. The Consumer Data Industry Association ("CDIA") provides reporting standards and guidelines to assist furnishers of information and credit reporting agencies with their compliance requirements under the FCRA and published and implemented the Metro 2 Format reporting standards ("Metro 2 Format").

23. Courts rely on such standards to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005).

24. As described above, Plusfour inaccurately furnished information regarding the Debt on Plaintiff's August 4, 2020 Experian consumer file.

25. Since Plaintiff did not owe the Debt, it was inaccurate and misleading (and patently false) for Plusfour to furnish any past due balance(s), balances or derogatory status on the Debt, since it simply was not owed.

26. On or about September 10, 2020, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Plusfour's reported information by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Plusfour.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

27. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian ("Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected, or deleted. In pertinent part, the Dispute Letter read:

> My credit report shows you are inaccurately reporting information for a trade line with **Plus Four**, Account No. [redacted]. Specifically, you inaccurately report a balance of $7,408 owed to **Clinical Infectious Diseases**. This information is inaccurate because I owe $0 to Clinical Infectious Diseases. At the time, my health care insurance provider was Aetna who contacted Medical-Clinical Infectious Diseases and told them they could NOT bill me directly and that Aetna was responsible for the medical bill; and I was not obligated for anything, let alone $7,000+. Aetna actually advised me that informed Medical-Clinical Infectious Diseases they were not permitted to pursue this debt from me because it was covered. The original amount of the bill with Medical-Clinical Infectious Diseases was $5,285 which was covered by Aetna in full, so I simply don't owe any part of this debt. Accordingly, immediately remove this trade line from my account. It is tarnishing my credit and it is completely without merit. My credit has always been good and I was shocked when I found this on my credit report. I am 75 years old with health issues and I should NOT have to be further burdened with inaccuracies on my credit report as seen below:



**Date opened** Jan 2020
**Address ID #** 0215107586
**Original creditor** CLINICAL INFECTIOUS DISEASES
**Type** Collection
**Responsibility**

**First reported** May 2020
**Terms** 1 Months
**Monthly payment** Not reported
**Credit limit or original amount** $7,285
**High balance** Not reported

**Recent balance** $7,408 as of Jul 2020
**Status** Collection account. $7,408 past due as of Jul 2020. This account is scheduled to continue on record until Jan 2026.
**Date of Status** Jan 2020

Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | | | | | C | C | C | | | | | |

Account History* (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Jun20 | May20 |
|---|---|---|
| AB ($) | 7,392 | 7,324 |
| DPR | ND | ND |
| SPA ($) | ND | ND |
| AAP ($) | ND | ND |

28. Upon information and belief, upon receiving the Experian Dispute Letter, Experian timely notified Plusfour of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

29. Plusfour was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

30. On or about September 21, 2020, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 3887-9926-95) that

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

Plusfour received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated". However, as seen above, Plusfour not only did not correct its false reporting, it increased the amount of the Debt it falsely and inaccurately claimed was past due.

31. A reasonable investigation by Plusfour would have revealed Plaintiff did not owe the furnished Debt, and corrected its reporting by deleting the erroneous tradeline entirely. However, the PlusFour tradeline remained unchanged (and, as seen below, falsely asserted an even larger balance than previously due, $7,408 previously; now $7,475):



**Date opened**
Jan 2020
**Address ID #**
0215107586
**Original creditor**
CLINICAL INFECTIOUS DISEASES
**Type**
Collection
**Responsibility**
Individual

**First reported**
May 2020
**Terms**
1 Months
**Monthly payment**
Not reported
**Credit limit or original amount**
$7,285
**High balance**
Not reported

**Recent balance**
$7,475 as of Sep 2020
**Status**
Collection account. $7,475 past due as of Sep 2020. This account is scheduled to continue on record until Jan 2026.
**Date of Status**
Jan 2020

Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2020** | | | | | | | | | | | | |

Account History * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Aug20 | Jul20 | Jun20 | May20 |
|---|---|---|---|---|
| AB ($) | 7,438 | 7,408 | 7,362 | 7,324 |
| DPR | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND |

The original amount of this account was $7,285

32. Accordingly, Plusfour failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681i(a) and 1681s-2(b)(1)(A), and wrongly verified inaccurate information in connection with Plaintiff's credit reports. Indeed, PlusFour increased a balance on an already inaccurate tradeline and imposed a phantom charge of $70 on an already misreported amount.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

D. **<u>Plaintiff Suffered Actual Damages</u>**

33. Plaintiff has suffered and continues to suffer actual damages as a result of Plusfour's unlawful conduct.

34. As a direct consequence of Plusfour's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, credit damage, emotional distress, fear, frustration, and embarrassment.

**<u>COUNT I</u>**
**<u>VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.</u>**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant's conduct violated 15 U.S.C. § 1692e(2), (5), (8) and/or (10) in that Defendant communicated or threatened to communicate false credit information, mischaracterized the amount due ($0), and failed to communicate that the Debt was "disputed", in an attempt to collect a debt.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. Plaintiff is entitled to damages as a result of Defendant's violations.

39. Plaintiff has been required to retain the undersigned as counsel to

protect her legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

## COUNT II.
## VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. PlusFour failed to comply with industry standards. PlusFour failed to comply with the Metro 2 Format instructions and reported inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

42. Not only was PlusFour's furnishing inaccurate and a departure from the credit industry's own reporting standards, PlusFour's reporting was also materially misleading under the CDIA's standards as well.

43. A "materially misleading" statement is concerned with more than just an inaccurate statement. It also includes omissions to credit entries, which in context create misperceptions about otherwise factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

44. PlusFour failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

45. PlusFour failed to review all relevant information provided by Plaintiff in the Dispute Letter, as required by and in violation of 15 U.S.C. §§ 1681i(a).

46. PlusFour re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, PlusFour still reported a debt Plaintiff did not owe as "In Collections" with a significant past due balance.

47. Upon receipt of Plaintiff's dispute, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(B).

48. Due to Defendant's failure to reasonably investigate Plaintiff's dispute, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

49. Reporting and re-reporting the above-referenced derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

50. Despite Plaintiff's efforts to correct PlusFour's erroneous and negative reporting in writing, PlusFour neglected, refused, or failed to do so.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

51. PlusFour's continued inaccurate and negative reporting of the Debts in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

52. Also as a result of PlusFour's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging PlusFour's wrongful representations, damage to her creditworthiness, and emotional distress.

53. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, PlusFour failed to take the appropriate measures as required under 15 U.S.C. § 1681-s(2)(b)(1)(D).

54. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

55. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from PlusFour.

56. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C.

§ 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from PlusFour.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

**COUNT I**
**VIOLATIONS OF 15 U.S.C. § 1692**

1. actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);
2. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and
3. any other and further relief that the Court may deem just and proper.

**COUNT II**
**VIOLATIONS OF 15 U.S.C. § 1681**

1. actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
2. statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
3. punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

4. costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and
5. any other relief the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 15, 2020

Respectfully submitted,

By /s/ David Krieger, Esq.

David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052